| | | |
|---|---|---|
| Diane Pryor | ) | Case No. 16-16815 |
| | ) | |
| Debtor | ) | Judge Jack B. Schmetterer |
| | ) | |
| | ) | CHAPTER 13 |
| | ) | |
| Diane Pryor, | ) | |
| Plaintiff | ) | |
| | ) | Adv. Pro. No. 16-00661 |
| v. | ) | |
| | ) | |
| Amerifirst Home Improvement Finance | ) | |
| Defendant | | |
| | ) | |

## FINDINGS OF FACT

### A. The Parties

1. The Plaintiff is Diane Pryor

2. The Defendant is Amerifirst Home Improvement Finance

### B. Factual Background

1. On or about May 18, 2016 Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Plaintiffs own the real estate commonly known as 2324 West 72nd Street, Chicago, IL, 60635.

3. That Bayview Financial holds a first mortgage lien on the real property commonly known as 2324 West 72nd Street, with a secured claim of $68,750.69 pursuant to the proof of claim #5 filed on August 12, 2016 by Toni Townsend of McCalla Raymer Pierce.

4. The Defendant holds a second mortgage lien on the real property known as 2324 West 72nd Street, Chicago, IL, 60636 in the approximate amount of $34,507.00 Bayview has not filed a proof of claim for the second mortgage.

5. That the Plaintiffs obtained a valuation of the property on May 18, 2106 indicating the value of 2324 W. 72nd Street as $59,333.00

6. The first mortgage lien of Bayview is a secured claim based on the mortgage recorded with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of the Defendant is a claim based on the mortgage recorded with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 plan provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $595.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (9%) of their allowed claims.

10. On November 1, 2016 Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and the Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 2324 W. 72nd Street.

11. That on November 1, 2016 a copy of the summons and complaint was served in accordance with the Federal Rules of the Bankruptcy Procedure by regular U.S. mail, postage prepaid upon Amerifirst Home Improvement Finance.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that hold priority that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $59,333.00

15. The first secured claim of Bayview in the amount of $68,750.69 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to U.S.C. § 1409.

**B. Argument**

1. Is action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Bayview in the amount of $68,750.69 and the second secured claim of the Defendant in the amount of $34,507.00

3. Bayview filed a proof of claim on August 12, 2016 for the amount of $68,750.69 Said claim is secured by a first mortgage on the Plaintiffs' property at 2324 W. 72nd Street.

4. The Defendant failed to file a proof of claim for the second mortgage. Said claim is second in priority to the first mortgage lien.

5. That the value of Plaintiffs' property is $59,333.00

6. As there is no value or equity to support the second priority lien of the Defendant its claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankkr.N.D.Ill. January 29, 2010).

Enter:

Dated; JAN 2 6 2017

_____
United States Bankruptcy Judge

Charles Portman
Ledford, Wu & Borges, LLC.
105 W. Madison St., 23rd Floor
Chicago, IL 60602
312-853-0200